UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JASH LARDIE, #255916,

        Petitioner,

v.                            CASE NO. 05-CV-74766-DT
                            HONORABLE BERNARD A. FRIEDMAN


THOMAS BIRKETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.    Introduction**

      Petitioner Jash E. Lardie, has filed a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 challenging his 1996 convictions for three counts of OUIL causing death which

were imposed following a jury trial in the Grand Traverse County Circuit Court.  Petitioner was

ultimately sentenced to six to 15 years imprisonment.  Petitioner previously filed a habeas

petition in federal court challenging the same convictions, which was dismissed for failure to

comply with the one-year statute of limitations applicable to habeas actions.  *See Lardie v.

Birkett*, No. 01-CV-40339 (E.D. Mich. Sept. 20, 2002).  Accordingly, this Court initially

transferred this case to the United States Court of Appeals for the Sixth Circuit for a

determination as to whether Petitioner could file a second petition challenging his convictions.

The Sixth Circuit granted Petitioner permission to proceed on a second petition, but only as to

his actual innocence claim.  *See In re Jash Lardie*, No. 06-1168 (6th Cir. Sept. 29, 2006).

1

In his habeas petition and in accordance with the Sixth Circuit's remand order, Petitioner raises the following claim:

> Petitioner asserts that he is "actually innocent" of the three counts of OUIL causing death that he is presently incarcerated for in violation of his due process rights of the 5th, 6th, and 14th Amendments of the United States [Constitution] and that there is newly-discovered evidence that proves it.

Respondent has filed an answer to the petition asserting that the actual innocence claim does not provide a basis for habeas relief and that the claim lacks merit. Petitioner has filed reply to that answer. For the reasons stated herein, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed on appeal *in forma pauperis*.

## II.    Relevant Facts

Petitioner's convictions arise from a drunk driving accident in which three teenagers were killed in Grand Traverse County, Michigan on May 23, 1993. In one opinion involving this case, the Michigan Supreme Court summarized the incident as follows:

> On May 22, 1993, defendant Lardie drank alcohol and smoked marijuana at a party at his parents' home. Defendant was seventeen years old. He left his home at approximately 1:50 a.m. to give several people from the party a ride to one of their cars. From the physical evidence, defendant apparently drove the car off the paved road and traveled about 130 feet on the shoulder. The car hit a small tree and then, traveling another sixty or seventy feet, struck a larger one, killing the three passengers in the back seat, Jason Stutesman, Kendra Tiernan, and Erinn Tompkins. Lardie had an estimated blood-alcohol level of 0.12 percent or greater at the time of the accident and tested positive for marijuana use. The medical expert testified that taking these two substances together creates a "synergistic type impairment," multiplying the impairment rather than just adding to what each would cause alone.

*People v. Lardie*, 452 Mich. 231, 234, 551 N.W.2d 656 (1996) (footnote omitted).

### III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination
>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see

also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal

court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.     Analysis

Petitioner asserts that he is entitled to habeas relief based upon his actual innocence and his newly-discovered evidence regarding who was the driver of the car at the time of the accident. The evidence at issue is a 2003 police report and written statement from Shawn Priest

stating that the passenger of the car, Christopher Timms, told him in 1993 that he (Timms) may have been the driver of the car. Respondent contends that this claim is not cognizable upon federal habeas review and lacks merit.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.* In *House v. Bell*, the Supreme Court declined to answer the question left open in *Herrera* – whether a habeas petitioner may bring a freestanding claim of actual innocence. *See House*, _ U.S. _, 126 S. Ct. 2064, 2086-87 (2006) (noting that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional and warrant federal habeas relief if there were no state avenue open to process such a claim"). Citing *Herrera* and *House*, the Sixth Circuit has ruled that a free-standing claim of actual innocence based upon newly-discovered evidence does not warrant federal habeas relief. *See Wright v. Stegall*, No. 05-2419, 2007 WL 2566047, *2-3 (6th Cir. Sept. 5, 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent"); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007); *see also Monroe v. Smith*, 197 F. Supp. 2d 753, 763 (E.D. Mich. 2001) (habeas petitioner's claim that he is entitled to relief due to state trial judge's failure to grant him a new trial based on newly-discovered evidence is not cognizable in a habeas proceeding). Thus, Petitioner's claim that he has is

actually innocent and has newly discovered evidence to prove it does not state a claim upon which habeas relief can be granted. *See Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 606 (E.D. Mich. 2001).

Moreover, federal courts which have suggested that habeas relief could conceivably be granted upon newly-discovered evidence have set an extraordinary showing of a petitioner's innocence before relief could be granted. *See Dell v. Straub*, 194 F. Supp. 2d 629, 657 (E.D. Mich. 2002); *Johnson*, 159 F. Supp. 2d at 606 (collecting cases). Even on direct appeal, motions for a new trial based upon newly discovered evidence are "are disfavored and should be granted with caution." *Monroe*, 197 F. Supp. 2d at 763 (quoting *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000)). When a defendant in federal court makes a motion for a new trial based upon newly discovered evidence, a defendant must show:

1. the evidence was discovered after trial;
2. the evidence could not have been discovered earlier with due diligence;
3. the evidence is material and not merely cumulative or impeaching; and
4. the evidence would likely produce an acquittal if the case were retried.

*Turns*, 198 F.3d at 586-87.

Petitioner has not met this standard. Even assuming that he has satisfied the first three parts of this standard, he has not shown that the newly-discovered evidence would likely produce an acquittal upon retrial. First, Priest's affidavit concerning Timm's statement is hearsay and is therefore of limited credibility. *See Herrera*, 506 U.S. at 417 (hearsay statements are insufficient to support freestanding habeas claim of actual innocence). Hearsay evidence is presumptively less reliable than direct testimony. *See Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426, 433 (6th Cir. 2007). The fact that Priest did not come forward with his assertions about Timm's 1993 statements until 2003 also limits the evidentiary value of his affidavit.

Second, Timm's alleged statement that he "thinks he might [have] been driving the night that the accident happened" made after a night of drinking in 1993 is somewhat equivocal and conflicts with his prior statements and trial testimony that he was a passenger and not the driver of the car at the time of the accident. Statements or affidavits by witnesses recanting (or conflicting with) their trial testimony are viewed with extreme suspicion. *See McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007); *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001).

Lastly, the prosecution presented significant evidence at trial to show that Petitioner was the driver of the vehicle at the time of the accident. Such evidence included Petitioner's own statements at the scene and at the hospital which indicated that he was the driver, Christopher Timms' testimony that he was the passenger and Petitioner was driving him to his car when the accident occurred, the forensic expert testimony that hairs recovered from the driver's side of the windshield matched Petitioner and hairs recovered from the passenger's side of the windshield matched Timm, and the fact that the car involved in the accident belonged to Petitioner's family. Considering Petitioner's arguments and affidavits, as well as the evidence presented at trial, the Court concludes that Petitioner not made a credible showing of actual innocence which would likely produce an acquittal upon retrial.[1] Habeas relief is not

---

[1]Furthermore, to the extent that Petitioner attempts to argue that evidence, other than Priest's affidavit, establishes his actual innocence, he is not entitled to relief. First, such evidence was either available at trial or could have been previously discovered with reasonable diligence, such that it is not newly-discovered. Second, Petitioner's assertions regarding his and Timms' injuries, conflicts in witness testimony, and similar actual innocence arguments were previously raised and rejected in Petitioner's prior habeas petition and may not be re-litigated under the doctrine of *res judicata* or claim preclusion. *See, e.g., Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Third, Petitioner cannot establish his innocence merely by rehashing his state law defense and

warranted.

## V.        Conclusion

Based upon the foregoing analysis, the Court concludes that the state courts' denial of

relief in this case is neither contrary to United States Supreme Court precedent nor an

unreasonable application of federal law or the facts.  Petitioner is not entitled to federal habeas

relief on the actual innocence claim contained in his petition.  His petition for writ of habeas

corpus must therefore be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas

claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the district court's assessment of the constitutional claim

debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner

satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003).  In applying this standard, a federal district court may not conduct a full merits

review, but must limit its examination to a threshold inquiry into the underlying merit of the

petitioner's claims.  *Id*. at 336-37.

Upon such review of this matter, the Court concludes that Petitioner has failed to make a

---

relying upon the evidence produced at trial.  *See Milton v. Wainwright*, 407 U.S. 371, 377
(1972).

substantial showing of the denial of a constitutional right as to his habeas claim such that a certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

___s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2008

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman